Missouri, Kansas & Texas Railway Company of Texas v. Kyser & Sutherland et al.

Decided February 22, 1905.

**1.—Carrier—Live Stock—Measure of Damages.**

The measure of damages for injury to live stock, by delay in furnishing cars for their transportation, was the difference between market value at point of destination, in the condition they were, from that in which they would, but for such delay, have been delivered, though they were shipped there to be fed, not to be marketed.

**2.—Railway—Contract to Furnish Cars.**

A railway company may bind itself by a contract to furnish cars for the shipment of cattle at a point not on its line, but on that of another road, and be held for damages for failure to comply.

**3.—Contract—Authority of Agent.**

Evidence considered and held to show authority of a live stock agent to contract for a railway to furnish cars for a shipment of cattle at a point not on its line.

Appeal from the District Court of Falls County. Tried below before Hon. Sam. R. Scott.

*T. S. Miller* and *E. M. Eddins,* for appellant.—In case of a breach of contract on the part of a carrier to furnish cars for the shipment of cattle at a certain time and place, the measure of damage is the differ-

ence in the market value of such cattle at said place at the time when said cars should have been furnished, and their market value at said place at the time when the cars were in fact furnished, their value at their destination at the time of arrival is incompetent, irrelevant and immaterial. Gulf, C. & S. F. Ry. Co. v. Hume, 87 Texas, 220; Galveston, H. & S. A. Ry. Co. v. Thompson, 44 S. W. Rep., 9; Rose's Texas Notes, vol. 4, p. 666.

A contract to be binding must be mutual. When two are parties to a contract containing mutual covenants which are considerations for each other, if one party refuses to bind himself he thus renders the contract void for want of mutuality, and can not hold the other party bound by it. Brush v. Clarendon Land, etc., Co., 2 Texas Civ. App., 188; Am. & Eng. Ency. of Law, 7 vol., p. 110 (2d ed.).

A mere representation or expression of opinion as to a future condition of affairs, is not a contract.

The judgment of the court is contrary to the evidence and without evidence to support it, in this: Under plaintiffs' pleadings the measure of damages must be the difference in the market value of plaintiffs' cattle at Waggoner at the time it is alleged the cars were to have been furnished and the time they were in fact furnished, and there is no such evidence in the record. Gulf, C. & S. F. Ry. Co. v. Hume, 87 Texas, 220.

It is the duty of a party with whom a contract has been broken to use all proper and available means to avert or lessen the damages as much as possible. Austin & N. W. Ry. Co. v. Anderson, 85 Texas, 88; Houston & T. C. Ry. Co. v. Richards, 59 Texas, 373.

The judgment of the court is without evidence to support it and is contrary to the evidence in this: The uncontroverted evidence, direct and circumstantial, shows that the plaintiffs' cattle received little or no damage during the delay at Waggoner, but what damage they received was done during their transportation from Waggoner to Marlin. Gulf, C. & S. F. Ry. Co. v. Hume, 87 Texas, 220.

*W. E. Hunnicutt* and *Z. I. Harlan,* for appellees.—These cattle were being shipped from Waggoner to Marlin for the purpose of being fed and fattened at Marlin for market, and the measure of appellees' damages for delay in furnishing cars at Waggoner in which to ship them, was the difference between the market value of said cattle at Marlin, in the condition in which they were delivered at Marlin, and what their market value would have been at that place but for the delay in shipping out from Waggoner, caused by the failure of appellant to furnish cars at Waggoner at the time it contracted to furnish them, and the evidence complained being directed to that issue there was no error in admitting it. Gulf, C. & S. F. Ry. v. Stanley, 89 Texas, 44; Gulf, C. & S. F. Ry. v. Hume, 6 Texas Civ. App., 658; International & G. N. Ry. v. Ritchie, 26 S. W. Rep., 841; Texas & P. Ry. v. Berchfield, 12 Texas Civ. App., 148, 149; New York, L. E. & W. Ry. Co. v. Estill, 147 U. S., 591.

Even were it held that the true measure of damages was the difference in the market value of plaintiffs' cattle at Waggoner instead of at Marlin, the error in admitting the evidence complained of would be harmless, because the undisputed evidence on the trial was that there was no

difference in the general market value of cattle at that time in the two places.  International & G. N. Ry. v. Ritchie, 26 S. W. Rep., 841.

Under the evidence in this case there is no lack of mutuality or other element of a contract to furnish cars in which to ship appellees' cattle.

Appellees having accepted and fully executed the contract on their part by furnishing the cattle to be hauled under the contract and by paying to appellant its charges for the cars which it was to furnish, and appellant having actually received and retained the money paid to it for such cars and hauled the cattle under said contract, it is no answer to this suit for breach of its contract to furnish cars at a specified time, for appellant to say that there was a want of mutuality in the original agreement, and that it did not bind appellees, unconditionally to accept and pay for the cars.  Leonard v. Portier, 3 App. C. C. (Willson) sec. 362; 9 Cyc., 333, 334, and note; 7 A. & E. Ency. Law (2d ed.), 115, notes.

"Where a shipper asks for cars to be furnished on a day mentioned in the future for the transportation of live stock, and the carrier agrees to furnish the same, such agreement rests upon a valid consideration, and is binding on the carrier as well as the shipper, notwithstanding the shipper may not have owned or had any stock at the time the agreement was entered into.  Pittsburg, C. C. & St. L. Ry. Co. v. Racer, 31 N. E. Rep., 855; s. c. 5 Ind. App., 209; 6 Cyc. 429 (h) and note 64.

Even were the measure of damages that contended for by appellant under these assignments, a matter we by no means concede, the evidence does show the difference in the market value of appellee's cattle at Waggoner at the time it is alleged that the cars were to have been furnished and the time they were in fact furnished.  International & G. N. Ry. Co. v. Ritchie, 26 S. W. Rep., 841.

The facts in this case do not show such contributory negligence on the part of appellees in the care of their cattle during the delay in furnishing cars as to deny to them a recovery therein.  International & G. N. Ry. Co. v. Ritchie, 26 S. W. Rep., 841.

KEY, Associate Justice.—Appellees brought this suit against the the Missouri, Kansas & Texas Railway Company of Texas, and the Fort Worth & Denver City Railway Company, to recover damages on account of injuries to certain livestock.  The Fort Worth & Denver City Railway Company filed a plea of privilege, and to the jurisdiction of the District Court of Falls County, which plea was sustained, and that defendant was dismissed from the case.  There was a nonjury trial between the plaintiffs and the other defendant, and judgment was rendered for the plaintiffs for $1109.70.

The gist of the plaintiffs' action was the breach of a contract to furnish cars for the shipment of certain cattle from Waggoner, Indian Territory, to Marlin, Texas.

Without referring in detail to the several assignments of error, and without specific discussion of all the propositions urged, we hold that appellant's brief points out no error.  While the cattle were not intended to be placed upon the market as soon as they reached their destination, but were shipped there for the purpose of feeding them preparatory to placing them upon the market, we hold that the differ-

ence in the market value at Marlin was the correct measure of damages. (Gulf, C. & S. F. Ry. Co. v. Stanley, 89 Texas, 44; Gulf, C. & S. F. Ry. Co. v. Hume, 6 Texas Civ. App., 657; s. c. 87 Texas, 219.) However, that question is immaterial in this case, because the testimony shows that the market value of the cattle was the same at Waggoner as at Marlin; and if the appellant is correct in its contention that the difference in the market value at Waggoner is the true measure of damages, the result would be the same.

Notwithstanding the fact that Waggoner was not on the defendant's line of railway, we hold that it was competent for the defendant to bind itself by contract to furnish cars at that place. Waggoner was on the line of another railway with which the defendant's road connected, and over which the cattle were shipped. Such being the conditions, we see no reason why the defendant could not make a valid contract to furnish cars at Waggoner.

We also hold that J. K. Rosson, the defendant's livestock agent, had authority to bind the defendant by contract to furnish cars at Waggoner. He testified that he was the livestock agent of the defendant, and had authority to contract for cars to ship cattle. That testimony showed that he was a general agent, vested with the same authority in that respect as his principal had.

We also hold that there was testimony warranting findings, and we therefore find, that the contract to furnish the cars was made, as alleged; that the defendant breached the contract, and that as a result thereof, and without fault on the plaintiffs' part, their cattle were injured to the extent awarded by the judgment.

No error has been shown, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.