MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. R. H. ALLEN ET AL.

Decided April 29, 1905.

**1.—Carriers—Connecting Lines—Venue—Pleading.**

Where an action for damages to live stock in transportation was brought against several railroads, connecting lines, in a county where one of them was operated, it was not necessary, in order to authorize the joinder of the others under the Act of May 20, 1899, that the petition should have alleged a partnership, a joint contract, or the damages resulting from the negligence of each separate carrier, but only that the transportation was over each of the lines, and that they were the agents of and for each other.

**2.—Same—Requirement of Notice—Limitation of Liability.**

A provision in a contract of shipment of horses requiring the shipper, as a condition precedent to his right to recover damages for injury to his stock, to give notice in writing of his claim for the damages before removing them from the cars, is a limitation of the common law liability of the carrier, and by virtue of the statute is not enforceable. Rev. Stats., art. 320.

**3.—Same—Special Damages—Notice.**

Where it was not shown that the defendant carrier was notified that plaintiff, the shipper, intended to use the horses transported for the purpose of putting in a crop, he could not recover damages resulting from his failure to put in as much of a crop as he otherwise would have put in, nor for the value of extra time and trouble in moving the crippled horses from the point of destination to the place where he was putting in the crop.

**4.—Same—Measure of Damages.**

The correct measure of the damages to the horses in transportation was the difference between their market value in the condition in which they would have arrived at their destination but for the negligence shown and their market value in the condition in which they did arrive there.

**5.—Same—Market Value—Opinion.**

An estimate by a witness as to the difference in the market value of the horses at the place of destination, based on his knowledge of the market value at another place, was not admissible in evidence.

**6.—Same—Damages—Enhancement of Injury—Expense of Preventing.**

The horses having been delivered by the carrier to plaintiff at their destination in an injured condition, it was his duty to exercise reasonable care and prudence to avoid further loss or enhancement of damages, and hence he should recover the value of the time and medicine devoted to that purpose, should the jury believe that he acted in the matter as a man of reasonable prudence.

Appeal from the County Court of Deaf Smith. Tried below before Hon. W. B. Boyd.

*T. S. Miller, Spoonts & Thompson* and *Marshall Spoonts,* for appellant.—1. In order for the County Court of Deaf Smith County to have acquired jurisdiction over the person of the Missouri, Kansas & Texas Railway Company of Texas, it was incumbent upon plaintiff, and necessary, to plead that the carriers or parties hereto were acting under a joint contract; that the wrongs complained of were such as had been jointly committed by defendants, or that he was unable to ascertain where the injury was committed, or by whom. No such allegations having appeared in his pleadings, it was error in the trial court to refuse to sustain the exception raising the question that the County Court of Deaf Smith County had no jurisdiction over the Missouri, Kansas & Texas Railway Company of Texas under the pleadings. Texas & P. Ry. Co. v. Lynch, 75 S. W. Rep., 486.

2. Where special damages are sought to be recovered, it is necessary for the plaintiff to allege, in his petition, notice to the company that such damages would be probably sustained, and a failure to do this renders such special damages subject to be stricken out on exception, and it is error in the trial court to refuse to do so. Railway v. Avery, 33 S. W. Rep., 706; Railway v. Belcher, 89 Texas, 429; Railway v. Wright, 49 S. W. Rep., 147; Railway v. Klepper, 24 S. W. Rep., 567; Railway v. Scharbauer, 52 S. W. Rep., 590.

3. Where the testimony shows that a contract was entered into between the shipper of livestock and the carrier, providing that, unless a claim for damages was presented within ninety days after the injury was inflicted, a failure to thus present claim is a complete bar to any cause of action arising out of or connected with the shipment of such stock, and it was error in the court to refuse charges to that effect. Railway v. Trawick, 68 Texas, 314; Railway v. Gatewood, 14 S. W. Rep., 913; Armstrong v. Railway, 92 Texas, 117; Railway v. Edins, 26 S. W. Rep., 164; Railway v. Harris, 67 Texas, 166.

*S. H. Madden* and *Otis Trulove,* for appellees Pecos & N. T. Ry. Co. and International & G. N. Ry. Co.

CONNER, CHIEF JUSTICE.—Appellee instituted this suit in the County Court of Deaf Smith County on the 3d day of February, 1904, against the Pecos & Northern Texas Railway Company, the Fort Worth & Denver City Railway Company, the Missouri, Kansas & Texas Railway Company of Texas and the International & Great Northern Railway Company, for the recovery of damages to twenty head of horses shipped by him from Round Rock, Texas, to Hereford, Texas. Appellee alleged negligence in the failure to furnish a proper car, and in a failure to exercise the proper care in the transportation, whereby the said horses were injured in the particulars described in his petition, and damaged in a total sum of $435. Among the items of damage alleged are the following: "$75 for the time that they were unable to work on account of their injury; $5 for time lost in doctoring said horses and mules; $15 for unloading and reloading said horses and mules at Fort Worth; $10 for medicine used, and time and trouble of moving crippled horses from Hereford, Texas, to Running Water, Texas." The trial resulted

in a verdict and judgment in favor of all of the railway companies named save appellant, against which appellee recovered the sum of $175.

As alleged, the County Court of Deaf Smith County had jurisdiction over appellant. All of the railway companies named were connecting carriers, and participated in the transportation involved. It was alleged that the Pecos & Northern Texas Railway Company had an agent and operated part of its line in the county of the suit. There was no plea of privilege other than by demurrer, and we think the petition brought the case within the letter and spirit of the Act of 1899. (See General Laws of 1899, page 214; also Atchison, T. & S. F. Ry. Co. v. Williams, 12 Texas Ct. Rep., 570.) In such case it was not necessary, in order to authorize the joinder of appellant, that the petition should have alleged a partnership, a joint contract, or the precise amount of damage resulting from the negligence of each separate carrier. The petition did comply with the act stated in alleging the transportation over each of the lines named, and that they were agents of and for each other in such transportation. We therefore think the exceptions to the petition properly overruled.

Under the eighth, ninth and tenth assignments, appellant seeks to avail itself of a special provision in its contract of shipment to the effect that, as a condition precedent to appellee's right to recover, he should give notice in writing of his claim of damages to the officers of the company named before the horses were removed from the car in which they were transported. It appears that notice (of which no complaint is made) was, in fact, given to the agent of the terminal railway company, but no claim for damages was presented to any officer of the appellant company. The provision of the contract mentioned was a limitation on the liability of the carrier at common law, and hence unenforceable. (See Rev. Stats., art. 320; Railway Co. v. Harris, 67 Texas, 166.) The assignments mentioned in this connection are therefore overruled.

We find no satisfactory answer, however, to the third, fourth and fifth assignments, all involving substantially the same question, viz., the proper measure of damage. Without proof that there was no market value at Hereford, Texas, the final destination of the shipment, and without knowledge on appellee's part of the market value of such horses at Hereford, appellee was permitted to testify that, when the horses were delivered to him at Hereford, he proceeded to his home in Running Water, Hale County, some fifty miles distant; that, while he did not know of any horses or mules selling at Hereford, and made no inquiries as to prices, he knew of horses and mules selling at Running Water shortly after the time he reached there, and he estimated the damages done to his horses and mules "at their difference in value as fixed by what they were selling at down there in Hale County shortly after I arrived there." Appellee then proceeded to give his estimate of the difference in the value of the horses and mules injured in the condition they were at the time of delivery at Hereford and in the condition they would have been in had the transportation been properly made, such difference aggregating $330. He was also permitted to testify, over the objection of appellant, that, by reason of the injury to his horses, he

was unable for some time to use them for the purpose intended, to wit, planting a crop, "and by reason of this loss of the use of the said horses and mules, at the time when I needed them, I estimate that I was damaged, at least, as much as $75."

We think the court committed error in the particulars named. It is not alleged, nor is it shown, that, at the time of the shipment, appellant or any of the carriers was notified of the fact that appellee intended to proceed from Hereford to Running Water, and intended to use his horses and mules for the purpose stated. It seems clear, therefore, that the damage done because of appellee's failure to put in "as much crop" as he "otherwise would have done," and the value of the "extra time and trouble in moving" the crippled horses and mules from Hereford to Running Water, was not recoverable. (Railway Co. v. Belcher, 89 Texas, 428; Harmon v. Callahan, 35 S. W. Rep., 706, and authorities there cited.)

It is also well settled that, in order for a witness to testify as to market values of livestock, he must be acquainted with the market values at the market concerning which he is called upon to testify. The difference between the market value of appellee's horses and mules in the condition in which they would have arrived at Hereford but for the negligence shown, and their market value at that place in the condition which, by reason of said negligence, they did arrive, constituted, in the main, the proper rule for appellee's damages. (Railway Co. v. Stanley, 89 Texas, 42.) Appellee therefore should not have been permitted to give his estimate of the difference in value, as he did, which was based upon a market other than Hereford, it not having been shown that there was no market at the latter point. It was appellee's duty, under the law, after delivery of the horses and mules in their injured condition to him at Hereford, to exercise reasonable care and prudence to avoid further loss or enhancement of damages, and hence we see no reason why he should not be permitted to recover the reasonable value of the time and medicine devoted to that purpose, should the jury believe that, in so doing, he acted as a man of reasonable prudence. (2 Sedg. on Damages (8th ed.), secs. 435, 437; Water Co. v. Cauble, 19 Texas Civ. App., 417, 47 S. W. Rep., 538; Westfall v. Perry, 23 S. W. Rep., 740; Hughes v. City of Austin, 12 Texas Civ. App., 186.)

Complaint is made of the charge of the court, but it involves matters of mere omission, and we need not notice it. For the errors noted the judgment is reversed and cause remanded for a new trial.

*Reversed and remanded.*