MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. J. W. MASON.

Decided January 9, 1907.

**Charge—Requested Instruction.**

A charge presents no affirmative error by directing a verdict for defendant upon the finding of two distinct facts either of which alone entitled him to such verdict; but where he requested a charge that verdict should go in his favor on the finding of one of such facts, which there was evidence tending to prove, it was error to refuse it.

Appeal from the District Court of Bastrop County. Tried below before Dyer Moore, Esq., Special Judge.

*Page, Wiley & Price,* for appellant.—Where existence of any one of several facts referred to in the charge would constitute complete defense, it is error to state them in conjunction; each should be given as separate defense, especially if requested by a special charge. Texas & N. O. v. Conroy, 83 Texas, 216; Liverpool, etc., Ins. Co. v. Joy, 62 S. W. Rep., 546; Kershner, et al v. Latimer, 64 S. W. Rep., 237; Merchants & P. Oil Co. v. Burow, 4 Texas Ct. Rep., 867; Texas & Pac. Ry. Co. v. Brown, 78 Texas, 402; Gulf, C. & S. F. v. Hill, 95 Texas, 636; Crowder v. St. Louis S. W. Ry. Co., 87 S. W. Rep., 168.

*S. L. Staples* and *Randell & Wood,* for appellee.—If the court was in error in charging conjunctively as to the pulling out of the handhold, and as to appellee's voluntarily placing his leg under the cars to be crushed, the error is immaterial, and could in no manner have affected the verdict, because the voluntary pulling loose of the handhold could not have caused plaintiff's injuries unless the same had been followed by voluntarily placing his leg in a position to be crushed, and was not, therefore, a complete separate defense. Mexican Cent. Ry. v. Lauricella, 87 Texas, 280; Galveston, H. & S. A. Ry. v. Delahunty, 53 Texas, 212; De Montel v. Speed, 53 Texas, 343; Smith v. Fordyce, 18 S. W. Rep., 663; Brown v. Pressler, 1 S. W. Rep., 467.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, which resulted in a verdict and judgment for the plaintiff, and the defendant has appealed. The plaintiff was a brakeman on one of the defendant's trains, and he charged in his petition that it became necessary for him to climb up the ladder on a car, and that while so doing, the handhold or grabiron on the top of the car suddenly broke, pulled out and gave way, thereby causing him to fall to the ground and one of his feet to be crushed by the passing train. He also charged that the screws, bolts and other fastenings of the handhold and the part of the car upon which it was fastened were old, worn, out of repair, rotten, loose, insecure, unfit and dangerous for use, which was known to the defendant, or could have been known by the use of proper care. The defendant filed a general denial and a special plea, alleging, among other things, that the plaintiff's injuries were caused by his own voluntary act; that he purposely forced the handhold loose from the car,

or, if the same gave way while being properly used by him, he was not caused to fall thereby, but could have reached a place of safety; that he either descended from said car and laid down upon the ground and purposely placed his foot upon the rail and allowed the wheel of the car to run over and crush the same, or he intentionally fell or jumped from said car while in motion, so as to make it appear that he had been caused to fall by the handhold giving way, and in doing so his foot was run over and mashed. On that phase of the case, the court instructed the jury as follows:

"If you believe from the evidence that plaintiff purposely loosened the handhold or grabiron and then voluntarily placed his foot and leg under the train, so that the same might be run over and crushed by the cars, you will find for the defendant." This charge is objected to upon the theory that it required the jury to find two facts in order to return a verdict for the defendant, either one of which entitled it to a verdict. The charge is not subject to that criticism. Sabine & East Texas Ry. v. Wood, 69 Texas, 679; Texas & Pac. Ry. v. Brown, 78 Texas, 402; Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629. However, the defendant asked several special instructions, which were refused, one to the effect that if the plaintiff purposely forced the handhold loose he could not recover, and another reading as follows:

"If you believe from the evidence that the plaintiff voluntarily placed his foot under the wheels of defendant's train and was thereby injured, you will return a verdict for the defendant."

There was no testimony tending to show that the plaintiff purposely loosened the handhold, and for that reason the requested instruction on that subject was properly refused; but there was testimony tending to show that he voluntarily or purposely placed his foot under the wheels of the passing train. Such testimony was given by the witness B. C. Wilkins. No matter how the plaintiff got on the ground, if he intentionally placed his foot on the rail in order that he might sustain injury, then he was not entitled to recover, because such act would be held, as matter of law, to constitute contributory negligence. The court's charge on that phase of the case told the jury that if he did that and something else, he would not be entitled to recover, but did not inform them that if he did that only, he would not be entitled to recover. The requested instruction quoted above supplied that omission, and it was error to refuse it. (Crowder v. St. Louis S. W. Ry., 87 S. W. Rep., 168.)

As the case will be reversed, it is unnecessary to make any ruling upon the assignment which assails the verdict. On all the other questions presented we rule against the appellant.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*