GULF, COLORADO & SANTA FE RAILWAY COMPANY v. GILLESPIE & CARLTON.

Decided March 27, 1909.

**1.—Carriers—Injuries to Shipment—Liability—Free Transportation.**

Where plaintiffs, in a suit against a railway company for damages to a shipment, were subcontractors under one who had a contract to grade the road, and the contractor was to transport the outfit free of charge to plaintiffs, and the latter shipped the outfit in the name of the contractor and received it at destination without paying anything for transportation, carriage for the contractor being free, the fact that no freight was paid was no defense to the action in the absence of evidence that deception was practiced upon the company's agent, or that the agent did not know about the ownership of the property.

**2.—Same—Measure of Damages—Injuries to Shipment of Livestock.**

The measure of damages for injuries to mules resulting from the negligence of the carrier during transportation is the difference between their market value at destination at time of delivery in the condition they are then in and what would have been their market value at the same time and place in the condition in which they would have been in if they had been transported without negligence on the part of the carrier. This is the general rule, and it does not affect its application that the animals are to be kept for use and are not for sale.

**3.—Damages—Carriers—Injury to Livestock—Market Value.**

In an action against a carrier for injuries to a shipment of mules during transportation, it was error to submit the issue of damages in the absence of evidence as to the market value at destination.

**4.—Evidence—Objection to Evidence—Practice.**

Where a witness testified to the market value at destination of mules killed during transportation, objection that the witness had not qualified himself to so testify came too late after the close of the testimony and the opening argument for the plaintiff, in the absence of excuse for not making it more promptly.

**5.—Damages—Market Value—Evidence.**

Testimony of a witness that mules killed in transportation were of the value of $200 each at destination, was sufficient to authorize the submission of the issue of damages, although he had not qualified himself to testify.

**6.—Evidence—Market Value—Qualification of Witness.**

Where a witness testified in chief that he knew the market value of mules at N. and that the market value of the mules in question at that place was a certain sum, but on cross-examination testified that he had not bought nor sold any mules at that place, had not seen any sold, was not advised as to market quotations at such time and place, and that the only knowledge of such value that he had was what one man who came to him to buy mules had told him, it was error to deny a motion to strike out his testimony promptly made.

Appeal from the County Court of Grimes County. Tried below before Hon. T. P. Buffington.

*Terry, Cavin & Mills,* for appellant.

*T. C. Buffington* and *J. T. Brown,* for appellees.—Where the evidence shows injury and damage actually and wrongfully inflicted and directly and proximately caused by the negligence of the defendant,

Vol. LIV Civil—38.

the plaintiff is entitled to recover all such damages as naturally and necessarily result from the wrongful act complained of. The law implies the damages, and the amount is to be fixed by the jury from all the facts in evidence showing the nature and extent of the damages or injuries. Gulf, C. & S. F. Ry. Co. v. Wright, 21 S. W., 80; Texas & P. Ry. Co. v. Curry, 64 Texas, 87; Missouri Pac. Ry. Co. v. Fennell, 79 Texas, 448; Gulf, C. & S. F. Ry. Co. v. Godair, 22 S. W., 778.

Where the animals shipped are not intended for market and are injured, and are not sold by the owner while in a damaged condition but are retained by him, he is entitled to recover for the real injury to the animals, and the defendant must pay the real damage. In such case the rule of market value of stock to be placed on the market and sold does not apply. See language of Justice Head in Gulf, C. & S. F. Ry. Co. v. Godair, 22 S. W., 778.

The verdict of the jury is supported by the evidence as to the value of the two mules killed, and the evidence was competent. Missouri Pac. Ry. Co. v. Fennell, 79 Texas, 448; Houston & T. C. Ry. Co. v. Tisdale, 109 S. W., 413.

REESE, Associate Justice.—This is a suit by Gillespie & Carlton in the County Court against the Gulf, Colorado & Santa Fe Railway Company to recover damages for two mules killed and twenty-seven others injured while being transported from Glen Flora to Navasota by defendant railway company. It is alleged that the loss and injury were occasioned by negligence of the railway company, and trial with a jury resulted in a verdict for plaintiff for $300 as the value of the two mules killed and $250 damages for injuries to the others. From the judgment upon this verdict, its motion for a new trial having been overruled, defendant prosecutes this appeal.

Appellees had been working at Glen Flora as subcontractors under one Owens, who had a contract with appellant to grade its roadbed. Their contract with Owens required him, when they had finished the work upon which they were engaged, to transport or have transported their outfit, consisting of twenty-nine mules, wagons, scrapers, etc., to Navasota free of charge to appellees. When they had finished their work they applied to appellant's agent at Glen Flora for a car in which to transport their outfit to Navasota, which was furnished them. They loaded the stuff and it was billed to Navasota in Owens' name, and upon arrival there was delivered to them. They paid nothing for the transportation. There is no evidence that they practiced any deception upon the agent in order to procure the free transportation, or that the agent did not know all about the ownership of the property. The evidence excludes any issue of misrepresentation or fraud on the part of appellees. That they paid no freight to appellant for the carriage of the mules is no defense to their claim for damages here set up. The fourth assignment of error presenting this objection to the judgment is without merit.

By the first assignment of error appellant assails the action of the court in refusing its motion for a new trial on the ground therein urged that the evidence did not authorize the submission to the jury of the issue of damage to the twenty-seven mules. The following is all

the evidence on this point: James Gillespie, one of the plaintiffs, testified: "The mules were shipped to Navasota, Grimes County, Texas, over the Santa Fe road, and were in good condition and sound when received by defendant for shipment—twenty-nine head. The twenty-seven mules were badly injured, bruised and skinned on heads, legs and hips. One badly skinned from his hip down. The twenty-seven head of mules were unable to work on account of their injuries received for nearly three weeks, and I lost the use of them for that time and had to buy feed and care for them for nearly three weeks." Lee Hudlin, for plaintiff, testified: "I went on the same train but not in the car with the mules. At Bellville the train was switched around, bumped and jerked the mules, and beat them up. I went to see about them one time. One mule was down; I got him up; another had his leg sticking out through a crack or door in the car." Ben Deason, for plaintiff, testified: "I saw the gray mule with his leg broken. He was about fifteen and one-half or fifteen hands high—a big mule. I don't know the market value of mules. I went to see the mule to take him out to my pasture, but he was too badly hurt to move."

The measure of damages for the injuries to these mules is the difference between their market value at Navasota at the time of delivery in the condition they were in, and what would have been their market value at the same time and place in the condition in which they would have been in if they had been transported without negligence on the part of appellant. This is the general rule, and it does not affect its application that the mules were to be kept for use and were not for sale. (Gulf, C. & S. F. Ry. Co. v. Stanley, 89 Texas, 44; New York, L. E. & W. Ry. v. Estill, 147 U. S., 591; Texas & P. Ry. v. White, 35 Texas Civ. App., 522; Galveston, H. & S. A. Ry. v. Thompson, 44 S. W., 9.) The jury could not apply this rule without some evidence as to this market value. The evidence quoted above, which is all there is on the subject, was not sufficient to authorize the submission of this issue.

Upon the issue of damages for the loss of the two mules, the measure of damages was their market value at Navasota at the date of the delivery there. Appellees undertook to establish this by the testimony of appellee Gillespie and T. D. Williamson. After Gillespie had testified that the value of the mules was $200 each, and after the testimony had closed and plaintiff had concluded his opening argument to the jury, appellant moved the court to strike out Gillespie's testimony on the ground that he had not qualified himself to testify as to the market value of the mules in Navasota. This motion was refused, and appellant took a bill of exceptions and complains of the ruling in the fifth assignment of error. The objection to the testimony came too late. It should have been made as soon as it developed that the witness was not qualified to speak. No excuse is shown for not making the objection more promptly. The assignment is overruled. (Maverick v. Maury, 79 Texas, 441.) This testimony authorized the submission of this issue to the jury, and there was no error in overruling the motion for a new trial on the ground that there was no evidence of the market value of these two mules. This disposes of the second and third assignments of error.

The witness Williamson, for appellee, as to the value of the two mules, testified in chief that he knew the market value of such mules as described by plaintiff, in Navasota, and that their market value was $300 to $400. Upon cross-examination he then testified that he had not bought nor sold any mules in Navasota in 1905 or 1906; that he had not seen any mules sold there during that time, and was not advised as to the market quotations of mules at that time and place, and that the only knowledge of such value that he had was what one man had told him who came out to where he lived to buy mules. Appellant promptly moved to strike out the testimony of the witness as to the market value of the mules, which the court refused to do, and allowed the testimony to go to the jury, to which appellant excepted. Clearly the witness showed that he had no knowledge of the matter about which he had testified, and the evidence ought to have been stricken out. The sixth assignment of error presenting the question must be sustained. There being no other evidence as to the market value of the two mules, except that of appellee Gillespie, we can not say that the testimony of Williamson was not prejudicial to appellant. It was no objection to Williamson's testimony that he had never seen these two mules. If he had been otherwise qualified to speak he might have testified as to the market value of such mules as were described to him.

It follows from what we have said that the measure of damages as to the injured mules was properly stated in the special charge requested by appellant and refused, the refusal of which is made the basis of the tenth assignment of error, and that the charge of the court on this point, as set out in the eighth assignment of error, was erroneous.

There was no error in the charge of the court in the particulars pointed out in the seventh assignment of error, which is overruled.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*